IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

PAMPERIN, INC., D/B/A LEAF
ELIMINATOR COMPANY                                                                                  PLAINTIFF

V.                                                                         CIVIL ACTION NO. 2:09CV35-B-S

PATRICK PLASS AND WIFE,
LILA PLASS, INDIVIDUALLY AND
D/B/A PLP PRODUCTS, PLASS
PROPERTIES, LLC, AND CONVERTA
KILN, INC.                                                                                          DEFENDANTS

## **ORDER**

This cause comes before the court upon the defendants' motion to dismiss or, in the alternative, to transfer. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court finds that the motion to transfer is well taken and should be granted.

This Lanham Act[1] case was filed in this court on February 20, 2009 – the same day the plaintiff voluntarily dismissed a virtually identical case in the United States District Court for the Northern District of Texas (Lubbock Division), Case Number 5:08cv227-C. Prior to the voluntary dismissal, the Texas court had issued a temporary restraining order on an *ex parte* motion that, according to the defendants, effectively put them out of business.

Defendant Patrick Plass invented a swimming pool cleaning machine which he called the "Leafanator." The plaintiff produces a similar machine known as the "Leafinator." The Texas court found that "Plaintiff's marks 'Leafinator™' and its maple leaf design are entitled to protection under the Lanham Act, 15 U.S.C. §1125(a), and Plaintiff's domain names

---

[1]The plaintiff brings this action pursuant to Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125.

'www.leafeliminator.com' and 'www.leafinator.com' are entitled to protection under the Lanham Act, 15 U.S.C. § 1125(d)." After relatively extensive litigation in the Texas court, the plaintiff, as mentioned above, moved for voluntary dismissal and filed this suit.

The defendants assert that the plaintiff has engaged in blatant forum shopping. They allege that the plaintiff made a "straw man" purchase of the defendants' product in Texas for the sole purpose of creating jurisdiction there and have now filed suit in Mississippi when all defendants are residents of Tennessee. The defendants move the court to dismiss for lack of jurisdiction, but this court declines to do so, finding instead that an order of transfer is more appropriate.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court may transfer a case "only to the court which would have been a proper venue and would have personal jurisdiction over all defendants if it had been the original forum." *Wells v. Greyhound Lines, Inc.*, 2002 WL 1610902, at *3 (S.D. Miss. 2002). "When the plaintiff's choice of forum has no factual nexus to the case, then courts are to give that choice of forum little weight." *Id.* (citing *Robertson v. Kiamichi RR*, 42 F. Supp. 2d 651, 656 (E.D. Tex. 1999)).

The Fifth Circuit has set forth certain private and public interest factors that a court should consider in transferring a case to another venue once it has determined that the case could have been brought in that forum originally. Among the private factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems

2

that make trial of a case easy, expeditious, and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). "The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

A civil action may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b). All defendants in the present case reside in the Western District of Tennessee. Because of this fact, most of the factors set forth above, both public and private, weigh in favor of the Western District of Tennessee as the more proper forum for this case. The court thus finds that this case should be transferred to said district.

It is, therefore, **ORDERED AND ADJUDGED** that the defendants' motion to transfer is **GRANTED**, and this case is hereby transferred to the United States District Court for the Western District of Tennessee.

This, the 30th day of March, 2010.

     /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**